IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVE BARRETT and CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., | ) ) ) | |
| Plaintiffs, | ) ) | 7:07CV5014 |
| vs. | ) ) | THIRD AMENDED ORDER SETTING FINAL SCHEDULE |
| RHODIA, INC., | ) ) | FOR PROGRESSION OF CASE |
| Defendant. | ) | |

Following a conference with counsel on January 14, 2009, pursuant to Fed. R. Civ. P. 16, concerning matters of importance in scheduling this case,

**IT IS ORDERED:**

1. The plaintiffs' Motion for Continuance of Trial Setting Pending Mediation and Disposition of *Daubert* Motion (Filing No. 67) is granted.

2. The defendant's Opposition to Plaintiff's Motion for Continuance of Trial (Filing No. 68) is overruled.

3. **Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than **March 13, 2009**. **See** NECivR 56.1 and 7.1.

4. **Discovery Deadlines.** All discovery, whether or not for depositions intended to be used at trial, shall be completed by **May 29, 2009.**

5. **Pretrial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

    a. **Witnesses - On or before April 30, 2009:** The name, address and telephone number[1] of each witness, separately identifying those whom

---

[1] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or documents filed with the court, redact social security numbers, home addresses, phone (continued...)

the party expects to present and those whom the party may call if the need arises.

      **b.**    **Deposition Testimony and Discovery -** In accordance with NEGenR 1.1(c), unless otherwise ordered, the requirement of NECivR 16.2(a)(2)(F), of designating discovery intended to be utilized at trial, is suspended for this case; motions to require such designations may be filed not later than fifteen days prior to the deposition deadline.

      **c.**    **Trial Exhibits - On or before July 10, 2009:**  A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

**Waiver of Objections**:  Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, <u>including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial</u> shall be made a part of the pretrial order.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

    6.    **Motions in Limine.**  Motions *in limine* shall be filed on or before **June 19, 2009**.

    7.    **The Final Pretrial Conference** with the undersigned magistrate judge is set for **July 17, 2009, at 9:00 a.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.  The final pretrial conference shall be attended by lead counsel for represented parties.  Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[2]  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin

---

[1] (...continued)
numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties

[2] Except as noted above in Paragraph 4(b).  Again, all personal information should be redacted from the public version of the order and/or attachments filed with the clerk.

immediately thereafter. The pretrial conference will include a **discussion of settlement**, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. <u>Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences</u>.

    8.    **Settlement.**

        **a.**    Not later than two weeks prior to trial, plaintiff or plaintiff's counsel shall serve on defendant or defendant's counsel a written, updated settlement proposal. Defendant or defendant's counsel shall respond in writing to such proposal not later than one week before trial.

        **b.**    In the event the parties mediate their dispute, notice of the mediation shall be given to the staff of the magistrate judge's office. The filing of a mediation reference order will terminate pending motions, without prejudice to refiling. If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

        **c.**    Notice of settlement shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury. <u>If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may -- and normally will -- be made against a party and/or counsel for one or more of the parties. For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial</u>.

    9.    **Trial** is set to commence on **August 4, 2009**, in North Platte, Nebraska, before the undersigned magistrate and a jury. Unless otherwise ordered, jury selection shall be at the commencement of trial.

10. **Motions to alter dates.** All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 14th day of January, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge